THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWYERS TITLE
CORPORATION, Appellant.— Judgment of the Court of Special Sessions of the City

of New York, Borough of Queens [County of Queens], convicting defendant of a violation of section 280 of the Penal Law (illegally engaging in the practice of the law) and imposing a fine of $500, reversed on the law, information dismissed, and the fine remitted. The acts of defendant in the transactions upon which the information is based did not constitute a violation of section 280 of the Penal Law. (*People* v. *Title Guarantee & Trust Co.*, 191 App. Div. 165; affd., 230 N. Y. 578.) That which was here done and which does not have its counterpart in the cited case could have been done by a layman or an agent of a principal, and did not, therefore, constitute practice of law. Lazansky, P. J., Hagarty, Carswell and Adel, JJ., concur; Taylor, J., dissents and votes to affirm, with the following memorandum: In my opinion the appellant, a corporation lawfully engaged in the examination and insurance of titles to real estate (Insurance Law, § 170), in certain of its activities in the Interboro Capital Corporation–Skillman Contracting Corporation and Marca Realty Co., Inc.,-Kaplan transactions, as charged in the information and established practically without dispute upon the trial, was properly found guilty of violation of Penal Law, section 280, as that section read at the time of the violation, in that it practiced law in a manner (1) prohibited by that section, (2) not permitted by section 170 of the Insurance Law countenancing certain lawyerly activities by such corporation, and (3) not with in the purview of judicial declarations of the rights of such a corporation in connection with its activities permitted by statute. This case is *sui generis.* The alleged unlawful activities of the appellant must be considered as a whole. If they are thus viewed it is clear that the appellant did not confine itself to activities lawfully connected with and incidental to its examination and insurance of titles to real estate, but, on the other hand, performed, as a lawyer would have done, legal services disclosed in the record separate and apart from and not necessary to such title examination and insurance.